IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PIERRE MONSOUR, as Representative Heir-at-Law of YOUSSEF HOUAYEK, deceased,<br><br>*Plaintiff,*<br><br>vs.<br><br>UNITED STATES OF AMERICA, acting through and herein for the DEPARTMENT OF HEALTH AND HUMAN SERVICES and Community Health Center of Southeast Kansas, Inc., d/b/a PITTSBURG WALK-IN CARE,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW PIERRE MONSOUR, as Representative Heir-at-Law of Youseff Houayek, deceased, and for his claims against the defendant, UNITED STATES OF AMERICA, alleges and states as follows:

1. Plaintiff is an adult individual and a citizen of Kansas. Plaintiff is the surviving son and representative heir-at-law of Youseff Houayek, who wrongfully died on October 25, 2020. As heirs-at-law, Youssef Houayek left behind three adult sons, one adult daughter, and two adult grandchildren of a second predeceased daughter.

2. Defendant, United States of America, may be served with process by serving Merrick Garland, Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; by serving Duston Slinkard, Acting United States Attorney for the District of Kansas, 1200 Epic Center, 301 N. Main Street, Wichita, KS 67207; and by serving Xavier Becerra, Secretary of Health and Human Services, U.S. Department of Health and Human Services, 200 Independence Avenue, SW, Washington, DC 20201.

1

3. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391(e), as the United States is a defendant and the events giving rise to the claim occurred in this district.

4. At all times relevant, Community Health Center of Southeast Kansas, Inc. (CHC/SEK), d/b/a Pittsburg Walk-In Care, was a health center receiving funds from the U.S. Department of Health & Human Services (HHS) and had deemed Federal Public Health Service (PHS) status with respect to certain health and health-related claims, including medical malpractice claims, for CHC/SEK and CHC/SEK's covered individuals.

5. Plaintiff has exhausted his administrative remedies and the Court has subject matter jurisdiction over plaintiff's claims herein pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Pursuant to the requirements of 28 U.S.C. § 2675(a), plaintiff filed an administrative claim on Standard Form 95 relating to the care of Youssef Houayek received at Community Health Center of Southeast Kansas, d/b/a Pittsburg Walk-In Care by sending a Form 95 by certified mail to U.S. Department of Health and Human Services, Office of the General Counsel, General Law Division, Claims and Employment Law Branch, 330 C Street, SW, Switzer Building, Suite 2600, Washington, D.C. 20201 on January 18, 2021. The Department of Health and Human Services acknowledged receipt of the claim in a letter dated February 24, 2021. The Department of Health and Human Services has not made a final disposition of the claim after more than six months have elapsed since it acknowledged receipt of plaintiff's Form 95 notice. Plaintiff has thus met all requirements precedent for filing suit under the Federal Tort Claims Act.

## STATEMENT OF FACTS

Plaintiff hereby adopts by reference paragraphs one through five (1-5) above and in addition, alleges and states:

6.      Plaintiff Monsour is the son of Youssef Houayek. Mr. Houayek is also survived by two other sons, a daughter, and two grandchildren who are children of a predeceased daughter.

7.      The decedent, Youssef Houayek, a/k/a Joseph Monsour, was an 87-year-old gentleman born in Beirut, Lebanon and residing in Pittsburg, Kansas.

8.      Mr. Houayek had undergone an AAA (abdominal aortic aneurysm) repair with stent placement in 2018 but was in good overall health as of October 2020.

9.      On October 21, 2020, Mr. Houayek was at home when he suffered an abrupt onset of low back pain. Plaintiff Monsour took Mr. Houayek to Community Health Center of Southeast Kansas, "Pittsburg Walk-In Care" clinic, where Mr. Houayek was seen by Tracy Orellana, a family nurse practitioner (FNP).

10.     FNP Orellana noted in her HPI: "Patient presents today for: low back pain that started 2 hours ago while sitting in a chair. No specific injury. Here with son. Pt saw Dr. Tawil x 2 weeks ago and was told urine and kidneys were fine. Has not taken anything for pain. No dysuria. Does c/o some nausea. No fever no v/d eating/drinking ok output as normal."

11.     FNP Orellana noted a blood pressure of 154/86, with a repeat blood pressure of 150/80.

12.     FNP Orellana noted current medications as follows: Aspirin; Atorvastatin; Flomax; Hydrochlorothiazide and Metoprolol. She further noted the medication list was reviewed and reconciled with patient.

13.     FNP Orellana noted a past medical history of "1. Stent possible 2. Freeman will have records. Kidney Ultrasound." The record does not state that FNP Orellana requested or reviewed any of Mr. Houayek's prior, readily accessible medical records prior to discharge that day, which records would have clarified Mr. Houayek's history of AAA repair.

14. FNP Orellana performed an in-house urinalysis and then discharged Mr. Houayek that afternoon with a diagnosis of "Acute bilateral low back pain without sciatica." She provided Mr. Houayek with "Learning About Low Back Pain" material and advised Mr. Houayek to: "Try Tylenol and other comfort measures at home. Follow up with pcp for unrelieved pain."

15. In the early afternoon of October 25, 2020, Crawford County EMS was dispatched to Mr. Houayek's home. The EMS narrative states in part: "RESPONDED TO THIS LOCATION FOR PT WITH ALT LOC. ARRIVED ON SCENE LED TO PT BY PTS SON. SON STATES THAT LAST NIGHT PT COMPLAINED OF NOT FEELING WELL AND NAUSEA AND VOMITING. STATES THAT FATHER USUALLY GETS UP EARLY IN THE AM. STATES THAT HE DID NOT ANSWER PHONE THIS MORNING. STATES THAT HE FOUND PT LETHARGIC AND NOT ACTING HIMSELF. STATES THAT PT HAS A PAST HISTORY OF CARDIAC EVENTS."

16. The paramedic's exam note includes: "ABD: WHILE PALPATING ABD NOTICED THAT PT WINCED AND GUARDED, ON FURTHER EXAM NOTED PT HAS A PALPATING MASS IN LEFT UPPER TO MID QUADRANT. SUSPECTED ABDOMINAL AORTIC ANEURYSM PT IS CODE RED EMERGENT."

17. EMS transported Mr. Houayek to Via Christi Hospital in Pittsburg after calling and notifying the ER of an incoming Code Red patient.

18. The Ascension Via Christi Hospital Pittsburg ED provider notes the "Stated Complaint" was "AAA" and that Mr. Houayek was seen by a provider at 1300 hours. The provider comments in the HPI include: "EMS reports the patient has a pulsatile bounding abdomen and were suspicious for ruptured AAA. 2 IVs were immediately established, the patient was given a fluid bolus of 2 L of normal saline and taken immediately to CAT scan. While in CAT scan it was

noted that the patient already had a stent in his abdominal aorta. Blood was obvious surrounding the stent."

19.     The hospital progress notes further state: "Patient was presented to the emergency department and extremis, suspected ruptured AAA. After emergently being taken to CAT scan and fluid and blood resuscitated, pressor started the family was spoken with. His son elected to withdraw care. He was his power of attorney. Patient was extubated in the emergency department. Expired at 1520. Last rights were given by the clergy."

**FIRST CLAIM:** *Medical Negligence–Agent/Employees of Community Health Center of Southeast Kansas, d/b/a Pittsburg Walk-In Care, a PHS Entity*

Plaintiff hereby adopts by reference paragraphs one through eighteen (1-19) above and in addition, alleges and states:

20.     In the course of the medical care and treatment rendered to plaintiff's decedent, Mr. Houayek, the agent/employee medical provider, FNP Orellana, at Pittsburg Walk-In Care was negligent in her workup, assessment and treatment of Mr. Houayek on October 21, 2020, including her failure to refer Mr. Houayek to the hospital immediately for appropriate diagnosis and treatment, given his presenting symptoms, vitals and history of AAA stent repair. FNP Orellana was negligent in such other ways as may be adduced through the evidence.

21.     As a direct result of defendant's negligence, plaintiff's decedent wrongfully died of a ruptured AAA.  As a result of Mr. Houayek's wrongful death, his heirs-at-law have sustained significant damages, both economic (*Wentling* & funeral expenses) and non-economic.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for damages in an amount not to exceed the sum set forth in the Form 95 administrative filing, $1,154,961.30, together with costs incurred herein and any other relief the Court deems just and equitable.

**DESIGNATION OF PLACE OF TRIAL TO BE FILED CONTEMPORANEOUSLY**

Pursuant to D. Kan. Local R. 40.2, plaintiff will file a Designation of Place of Trial contemporaneous to the filing of his Complaint.

> Respectfully submitted,
>
> HUTTON & HUTTON
>
> /s/ Blake A. Shuart, #24463
> Blake A. Shuart, #24463
> Kaylea D. Knappenberger, #28902
> 8100 E. 22nd St. N., Bldg. 1200
> Wichita, KS  67226
> Phone: (316) 688-1166
> Fax: (316) 686-1077
> E-Mail: Blake.Shuart@huttonlaw.com
> E-Mail: Kaylea.Knappenberger@huttonlaw.com
> *Attorney for Plaintiff*