## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PIERRE MONSOUR, as Representative Heir-at-Law of YOUSSEF HOUAYEK, deceased,

     Plaintiff,

     v.

UNITED STATES OF AMERICA, acting through, and herein for the DEPARTMENT OF HEALTH AND HUMAN SERVICES and Community Health Center of Southeast Kansas, Inc., d/b/a PITTSBURG WALK-IN CARE,

     Defendant.

Civil No. 21-4070-HLT-JPO

### AGREED ORDER FOR INSPECTION AND REPRODUCTION OF MEDICAL RECORDS AND PROTECTED HEALTH INFORMATION PURSUANT TO STATE AND FEDERAL LAW (HIPPA) AND NOTIFICATION OF WAIVER OF PHYSICIAN-PATIENT PRIVILEGE

TO:    All Hospitals, Clinics, Pharmacies, Physicians, Social Workers, Psychiatrists, Psychologists, Therapists, Governmental Agencies (State and Federal), and All Other Medical Institutions, Practitioners and Health Care Providers, Past and Present

You are hereby authorized and permitted pursuant to the laws of Kansas and applicable federal law, including but not limited to the Health Insurance Portability and Accountability Act (HIPPA), to make available for examination and reproduction by the parties and their counsel denominated in this lawsuit any and all medical records of any type or nature whatsoever and/or any protected health information within your care, custody, and control concerning **decedent Youssef Houayek a/k/a Joseph Sleiman Monsour, DOB: XX-XX-1933; SSN: XXX-XX-6682.**

Medical documents and protected health information subject to this order include, but are not limited to**, the entire medical chart cover to cover** (including but not limited to any and all medical records from any source); all records pertaining to the diagnosis, care and/or treatment of

1

the patient; patient intake and registration forms; patient insurance and identification information; office narratives; progress notes; prescription orders; lab results; nurse and physician assistant notes; consultation reports; order sheets; handwritten notes; any and all correspondence; radiological films; diagnostic studies; pathological and tissue slides; physical and occupational therapy records and evaluations; social service records; functional capacity questionnaires, records, and reports; billing and payment records; any and all records related to diagnosis and treatment of mental, emotional, alcoholic, and drug dependency conditions; and psychiatric and psychotherapy notes.

The Court specifically finds the above-requested information necessary to this proceeding because the parties rely on the information as an element of the claims and defenses in the action. Unless specifically excluded by this order, you are permitted to produce or make available for inspection all medical records and protected health information in your possession regarding the person noted above.  Said inspection and reproduction may be requested by any attorney of record herein as set forth below and clerical fees and expenses will be paid by the attorney requesting such examination, reproduction or interview.

You are further notified that, pursuant to federal and state law, counsel for the defendant is hereby authorized to meet with or talk to **decedent Youssef Houayek a/k/a Joseph Sleiman Monsour's** treating physicians or other health care providers, without counsel or the parties, including the plaintiff, being present or participating, provided the health care provider consents to the interview.  This is based on the Court's finding that the plaintiff has made a claim for personal injuries, and in filing this lawsuit has waived any privilege existing between the patient and health care provider.  Although this Order authorizes and permits all health care providers of **decedent Youssef Houayek a/k/a Joseph Sleiman Monsour** to grant informal interviews, the

Order does not require a health care provider to meet or speak with any attorney in this proceeding. A physician has a right to decline an attorney's request to speak or meet with the physician or other health care provider informally.

This Order complies with HIPAA federal standards for privacy of individually identifiable health information, 45 C.F.R. Parts 160 and 164. This Order further allows the disclosure of information regarding diagnosis and treatment of mental, alcoholic, drug dependency and emotional condition pursuant to 42 C.F.R. part 2.

This Order shall be effective throughout the pendency of this action.

**IT IS SO ORDERED.**

Dated February 28, 2022.

 s/ James P. O'Hara
JAMES P. O'HARA
United States Magistrate Judge

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney
District of Kansas

*s/ Thomas E. Beall*
THOMAS E. BEALL
Assistant United States Attorney
Ks. S.Ct. No. 19929
Federal Building, Suite 290
444 SE Quincy Street
Topeka, Kansas 66683-3592
Telephone: (785) 295-2850
Facsimile: (785) 295-2853
E-mail: thomas.beall@usdoj.gov
*Attorneys for the Defendant*

*s/ Blake A. Shuart*
Blake A. Shuart, SC No. 24463
Kaylea D. Knappenberger, SC No. 28902
HUTTON & HUTTON LAW FIRM, L.L.C.
8100 East 22nd Street North, Bldg. 1200
P.O. Box 638
Wichita, Kansas 67201-0638
Telephone: (316) 688-1166
Facsimile: (316) 686-1077
*Attorneys for Plaintiffs*